# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

**CHRISTIAN POWELL,**                                          **CASE NO.**

      **Plaintiff,**

**v.**

**BOBBY HADDOCK, in his official
capacity as SHERIFF, WASHINGTON
COUNTY, FLORIDA, LOU ROBERTS,
in his official capacity as SHERIFF,
JACKSON COUNTY, FLORIDA, and
JONATHAN RACKARD, individually,**

      **Defendants.**

_____/

## COMPLAINT

Plaintiff **CHRISTIAN POWELL,** sues Defendants, **BOBBY HADDOCK, in his official capacity as SHERIFF OF WASHINGTON COUNTY, FLORIDA, LOU ROBERTS, in his official capacity as SHERIFF OF JACKSON COUNTY, FLORIDA, and JONATHAN RACKARD, individually,** and alleges:

### JURISDICTION

1.     This is an action involving the violation of Plaintiff's federal civil rights and contains state causes of action pursuant to this Court's concurrent and pendant jurisdiction. The aggregate amount of damages claimed by Plaintiff against Defendant is in excess of $75,000.00, the jurisdictional amount required for venue in this Court.

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution of the United States.

3.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured to the Plaintiff by the Fourth Amendment to the Constitution of the United States of America.

4.      The Plaintiff's[1] claims for relief are predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

5.      Written notices of intent to initiate litigation on Plaintiff's state law claims asserted herein, were submitted to the government Defendants and to the Department of Financial Services on or about April 10, 2007 pursuant to §768.28(6), Florida Statutes.  No response was received by Plaintiff, therefore they are deemed denied by operation of law.

**PARTIES**

6.      Plaintiff, CHRISTIAN POWELL, has been a resident of Washington County, Florida. The incidents alleged herein occurred in Jackson County and she is *sui juris*.

---

[1]      The term "Plaintiff" refers only to Plaintiff Sam Metcalf.  Plaintiff Patricia R. Metcalf has a loss of consortium claim only.

7.     Defendant, BOBBY HADDOCK (hereinafter "Haddock"), at all times pertinent to this action, was employed by Washington County as Sheriff and was the top constitutional officer of Washington County, Florida.  He is sued in his official capacity.

8.     Defendant, JOHN P. MCDANIEL, through his successor in office, LOU ROBERTS (hereinafter "Roberts"), at all times pertinent to this action, was employed by Jackson County as Sheriff and was the top constitutional officer of Jackson County, Florida.  He is sued in his official capacity.

9.     Defendant, JONATHAN RACKARD (hereinafter "Rackard"), at all times pertinent hereto, was employed by the Washington County Sheriff as a deputy.  He is sued in his individual capacity.

## CAUSES OF ACTION

10.     On May 20, 2006, while Plaintiff was driving on Highway 77 at around 7:00 to 8:00 p.m., Plaintiff was rear-ended twice by her brother's estranged wife, Kaye Blair. Plaintiff's mother was with her and they were traveling in Jackson County, Florida.

11.     Plaintiff pulled off the road to talk to Ms. Blair.   At that time, a deputy with the Washington County Sheriff's Office (hereinafter WCSO), F. Stone, arrived and was speaking to Plaintiff and Blair.

12.     Upon Stone's arrival, without any investigation into the circumstances, he walked up and grabbed Plaintiff's arms and pushed her.  Plaintiff asked him to take his hands off of her.

3

13.     By that time, WCSO Corporal Jonathan Rackard had arrived.  He was the supervisor in charge of the scene on behalf of the WCSO on May 20, 2006, and had authority over Stone.  Upon Defendant Rackard's arrival, he immediately pointed what appeared to Plaintiff to be a gun at Plaintiff and said "[i]f you don't listen to what I said, then I will shoot you."  Plaintiff replied with "[y]ou are going to do what?" at which time Rackard shot Plaintiff between her breasts with his Taser.  Plaintiff fell to the ground after she was shot and was laying face down with the Taser prongs in her chest.

14.     Shortly thereafter, several deputies from the Jackson County Sheriff's Office (JCSO) arrived on the scene.  Plaintiff was thereafter charged with reckless driving and resisting arrest without violence, was arrested and taken to the Jackson County jail.  After her arrest, Plaintiff was told by deputies with the JCSO that since she had been Tased, "somebody had to go to jail."

15.     The resisting arrest without violence charge was resolved in Plaintiff's favor on December 4, 2006 by the filing of a "No Information".

### COUNT I- BATTERY AGAINST DEFENDANT HADDOCK

16.     Paragraphs 1 through 15 are hereby realleged and incorporated herein by reference.  This Count is pled in the alternative.

17.     On May 20, 2006, Plaintiff was battered by deputy Stone and Defendant Rackard.

18.     Plaintiff is entitled to relief against Defendant Haddock, in that on the occasion mentioned herein, Defendant Haddock, through its agents and employees while

4

acting within the scope of their employment with Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in that Haddock's agents and employees battered her, hit her and caused Plaintiff to sustain serious injuries.  Defendant, through its agents and employees, intended to hit, push and otherwise batter the Plaintiff.  This unlawful touching was also accomplished by Defendant without any justification and in the absence of probable cause to arrest Plaintiff. Defendant intended to cause harm to Plaintiff or there was substantial certainty that harm would occur to her.

19.    As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

## COUNT II- BATTERY AGAINST RACKARD

20.    Paragraphs 1 through 15 are hereby realleged and incorporated herein by reference.

21.    This is an action against Defendant Rackard for battery. Count II is pled in the alternative.  For the purpose of this Count alone, Defendant Rackard was acting outside the course and scope of his duties and employment with Defendant Haddock.

22.    The Plaintiff is entitled to relief against Defendant Rackard in that on may 20, 2006, Defendant Rackard, without justification or the Plaintiff's consent, touched Plaintiff's

5

person in an offensive and harmful manner, in that they battered her, hit her and caused her to be injured. This Defendant, as more fully set forth above, intended to hit, push and otherwise batter Plaintiff. This unlawful touching of Plaintiff was also accomplished by Defendant without any justification and in the absence of probable cause or any authority of law. Defendant intended to cause harm to Plaintiff or there was substantial certainty that harm would occur to her. Rackard acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

23.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

## COUNT III- CIVIL RIGHTS VIOLATIONS

24.     Plaintiff re-alleges paragraphs 1-15 above and incorporates those allegations in this Count. This Count is pled in the alternative and is against Defendants Haddock and Rackard.

25.     Defendants operated to violate Plaintiffs rights under the Fourth Amendment to the Constitution of the United States of America, and violated Plaintiff's right to be free from the  excessive use of force and from being falsely arrested. All such claims are applicable to Defendants under the Fourteenth Amendment.

26.     Defendants committed battery against Plaintiff as described more fully above, without consent or lawful authority.  These Defendants intended to cause this harmful and offensive contact with Plaintiff in that their harmful acts were deliberate and substantially certain to result in harm and offense.

27.     Defendants operated to violate Plaintiff's  right not to be subjected to the excessive use of force under the Fourth Amendment to the United States Constitution as guaranteed to Plaintiff by the Constitution of the United States of America.  These violations were of the type and character as to which any reasonable person would be aware.

28.     Defendants also operated to violate Plaintiff's  right not to be subjected to false arrest under the Fourth Amendment to the United States Constitution as guaranteed to Plaintiff by the Constitution of the United States of America.  These violations were of the type and character as to which any reasonable person would be aware.  There was no probable cause to arrest Plaintiff and at the moment the arrest of the Plaintiff was made, the facts and circumstances within Defendants' knowledge and of which they had reasonably trustworthy information were not sufficient to warrant a prudent man in believing that Plaintiff had committed or was committing an offense.

29.     Defendants further operated to violate Plaintiff's civil rights as protected by The Civil Rights Act, 42 U.S.C. §1983.  All Defendants are persons under applicable law. Defendants are liable, both jointly and severally, to Plaintiff for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiff under the Fourth Amendment to the United States Constitution

30.     Defendants exceeded the level of force necessary to enforce compliance with lawful commands and acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

31.     Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

32.     The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff' rights, and were taken without any lawful justification and/or in the absence of probable cause.  The extreme physical abuse by law enforcement officers of this State is not part of the penalty that citizens have to pay prior to, during and/or after being charged with an offense against society and constitutes a cognizable claim of the excessive use of force in violation of the Fourth Amendment.  Defendants knew or should have known that the amount of force used in effectuating the arrest of Plaintiff was excessive given the circumstances present and the clearly established law on use of force.

33.     Based upon the facts presented to Defendants and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest nor any reasonable cause to batter, abuse, and torture Plaintiff.  The law was well settled and clearly established that the actions of the Defendants' constituted the false arrest and the excessive use of force under the Fourth Amendment to the United States Constitution at the time the actions by these Defendants were committed.

8

34.    The actions or inactions of these Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when they knew of and disregarded an risk to Plaintiff's health and safety and thus their actions or inactions constituted the excessive use of force in violation of the Fourth Amendment to The United States Constitution.

35.    Additionally, Defendant Rackard was a supervisor who was personally present during and watched the false arrest of Plaintiff. He is also the person who used excessive force against the Plaintiff. This Defendant failed to take reasonable steps to ensure Plaintiff's safety when he knew or should have known a sufficiently serious danger to Plaintiff existed.

36.    Defendant Sheriff acted with deliberate indifference in the failure to adopt a policy or in enforcing an improper policy for incidents like those described herein when it was obvious that the likely consequences of not adopting a policy or enforcing an improper policy would be a deprivation of civil rights to a person like Plaintiff.

37.    Defendant Sheriff also failed to implement adequate hiring, training, staffing and supervisory procedures to properly identifying suspects of crimes, to identify deputies who falsified facts to support probable cause to arrest a person like Plaintiff, to identify deputies who improperly and illegally use their Tasers against persons, and to prevent deputies from falsifying facts to support probable cause affidavits and then retaliating against persons like Plaintiff who question them about their actions, the direct result of which Plaintiff was falsely arrested and imprisoned and was shot with a Taser. Defendant Sheriff

9

also failed to implement adequate procedures to investigate constitutional violations by his deputies and to impose discipline on deputies, specifically the individually named Defendant in this case, when they engage in constitutional violations.

38.     Defendant Sheriff is an elected county official with final policy-making authority for Washington County, Florida.  He is responsible for hiring, training, and supervising the law enforcement officers who work under him and, when necessary, for investigating alleged wrongdoing by his employees and disciplining those employees.  At all times referred to herein, the Defendant Sheriff acted under color of state law and failed to train, supervise, investigate and discipline the individual Defendants as alleged herein. Defendant Sheriff's failure to train, supervise, investigate and discipline the individual Defendants constitutes either an improper policy or the absence of a policy of the Defendant Sheriff which resulted in the deliberate indifference to the constitutional rights of the Plaintiff.  Defendant Sheriff also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline the Defendants named herein which established a policy, by a final policy-maker, that directly or indirectly resulted in the violation of Plaintiff's constitutional rights.

39.     Defendant Sheriff had a deliberately indifferent policy of training that was closely related to the violation of Plaintiff's federally protected rights.  Specifically and without limitation, Defendant Sheriff had a deliberately indifferent policy of training its employees such as the individually named Defendants on the proper use of the Taser, when it was proper to use the Taser to subdue persons like Plaintiff and on the premature use of

10

force.  This deliberate indifference was closely related to the violation of Plaintiff's right to be free from the unconstitutional use of force.

40.     The physical assaults and battery of Plaintiff violated the Fourth Amendment's proscription against the excessive use of force.  Defendants misused their power, possessed by virtue of state law and made possible only because these Defendants were clothed with the authority of state law.

41.     As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

42.     Based on the willful and malicious conduct of Defendant Rackard, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against him sued in his individual capacity.

43.     Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

**COUNT IV- FALSE ARREST/IMPRISONMENT AGAINST HADDOCK**

44.     Paragraphs 1 through 15 are hereby realleged and incorporated herein by reference.

11

45.     This is an action against Defendant Haddock for false imprisonment/false arrest. Count IV is pled in the alternative.

46.     The Plaintiff is entitled to relief against Defendant Haddock in that on May 20, 2006, the individually named Defendant and other employees of Defendant intentionally and unlawfully arrested and restrained Plaintiff against her will, deprived Plaintiff of her liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.  The actions by the employees and agents of Defendant Haddock were committed within the course and scope of their employment with Defendant Haddock.

47.     This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and   by compelling the Plaintiff to go where she did not wish to go.

48.     Plaintiff was further restrained by Defendant, through its agents and employees use of coercive words, threats of force as well as actual force, and immediate means of coercion against Plaintiff, so that the Plaintiff was restrained and deprived of liberty.  Defendant restrained Plaintiff without any justification and in the absence of probable cause.

49.     At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against her will, and without consent, so that the Plaintiff was not free to leave her place of confinement.

50.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of

12

capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff.

### COUNT V- FALSE ARREST/IMPRISONMENT AGAINST RACKARD

51.     Paragraphs 1 through 15 are hereby realleged and incorporated herein by reference.

52.     This is an action against Defendant Rackard in his individual capacity. Count V is pled in the alternative. For the purpose of this Count alone, Rackard was acting outside the course and scope of his duties and employment with Defendant Haddock.

53.     The Plaintiff is entitled to relief against Defendant Rackard in that this Defendant intentionally and unlawfully arrested and restrained Plaintiff against her will; deprived Plaintiff of her liberty without any reasonable cause or color of authority; and maintained such complete restraint and deprivation for a period of time.

54.     This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where the Plaintiff did not wish to go.

55.     Plaintiff was further restrained by this Defendant's use of coercive words and threats of force as well as actual force, and immediate means of coercion against Plaintiff, so that the Plaintiff was restrained and deprived of liberty. Defendant restrained Plaintiff without any justification and in the absence of probable cause.

13

56.     At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against her will, and without consent, so that the Plaintiff was not free to leave her place of confinement. This Defendant acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

57.     As a direct and proximate cause of these Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Defendants are jointly and severally liable.

### COUNT VI- FALSE ARREST/IMPRISONMENT AGAINST ROBERTS

58.     Paragraphs 1 through 15 are hereby realleged and incorporated herein by reference.

59.     This is an action against Defendant Roberts for false imprisonment/false arrest. Count VI is pled in the alternative.

60.     The Plaintiff is entitled to relief against Defendant Roberts in that on May 20, 2006, Roberts, through his employees and agents, intentionally and unlawfully arrested and restrained Plaintiff against her will, deprived Plaintiff of her liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.  The

actions by the employees and agents of Defendant Roberts were committed within the course and scope of their employment with Defendant Roberts.

61.     This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and   by compelling the Plaintiff to go where she did not wish to go.

62.     Plaintiff was further restrained by Defendant, through its agents and employees use of coercive words, and immediate means of coercion against Plaintiff, so that the Plaintiff was restrained and deprived of liberty.  Defendant restrained Plaintiff without any justification and in the absence of probable cause.

63.     At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against her will, and without consent, so that the Plaintiff was not free to leave her place of confinement.

64.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Defendants are jointly and severally liable to Plaintiff.

## COUNT VII- MALICIOUS PROSECUTION

65.     Paragraphs 1 through 15 are hereby realleged and incorporated herein by reference.

15

66.    This is an action against Defendant Rackard for malicious prosecution.  Count VII is pled in the alternative.

67.    On May 20, 2006, Defendant Rackard, despite the absence of probable cause, caused original criminal proceedings to be commenced against Plaintiff by fabricating evidence against her and stating that Plaintiff committed criminal acts.

68.    Defendant, by submitting an offense report and allowing that report containing false allegations to be forwarded to the State Attorney's Office in Jackson County and/or the Court, was the legal cause of criminal judicial proceedings against Plaintiff who became the Defendant in a case in Jackson County, Florida.

69.    All criminal judicial proceeding complained of by Plaintiff herein that were commenced by Defendants against Plaintiff were terminated in Plaintiff's favor.

70.    As a direct and proximate cause of this Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

## COUNT VIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.    Plaintiff re-alleges paragraphs 1-15 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

16

72.     This is an action against Defendants Haddock and Rackard for the conduct described herein, including the victimization of Plaintiff, a person in these Defendants' charge, the threats against the Plaintiff at the time of the Tasing and the horrific abuse of a person within Defendants' control, constitutes outrageous conduct that would shock the conscience of a reasonable person, and constitutes the actionable tort of intentional infliction of emotional distress.  Defendants' actions were reckless and intentional and they knew or should have known that as a result of their actions, emotional distress would likely result.

73.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff  sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

## COUNT IX - CONSPIRACY TO VIOLATE CIVIL RIGHTS

74.     Plaintiff re-alleges paragraphs 1-15 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

75.     Based upon facts as pled above, Defendants Haddock and Roberts, through their agents and employees, conspired and worked together in concert to deny Plaintiff her civil rights.  Specifically and without limitation, Defendants conspired with each other to deprive Plaintiff of his Constitutional right to be free from false arrest.  Such conduct is criminal under 18 U.S.C. §§ 241, 242.

17

76.     Defendants further had an agreement between them to do an unlawful act or to do a lawful act by unlawful means.  These Defendants acted pursuant to that agreement by falsely arresting her.

77.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained damages, including emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     That process issue and this Court take jurisdiction over this case;

B.     Judgment against the Defendants and for the Plaintiff awarding compensatory damages against Defendants and punitive damages against Defendant Rackard in his individual capacity for the violations of law enumerated herein;

C.     Prejudgment interest on monetary recovery obtained pursuant to law;

D.     Judgment against the Defendants and for the Plaintiff awarding the Plaintiff reasonable attorneys' fees and costs; and

E.     Such further relief as is equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 18th day of December, 2008.

Respectfully submitted,


/s/  Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A.  MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile:  (850) 383-4801

ATTORNEYS FOR PLAINTIFF